IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| NDIDI AMADI, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. GJH-20-0596 |
| CATINA KING, | * | |
| Defendant. | * | |

\*\*\*
## MEMORANDUM OPINION

Plaintiff Ndidi Amadi filed the above-captioned Complaint and paid the filing fee. Plaintiff alleges that the Defendant is preventing him from visitation with his children in violation of court orders issued in the Circuit Court for Prince George's County, Maryland. Plaintiff also alleges that the Defendant caused damage to his tow truck in 2017 and 2018. Plaintiff is seeking custody of his children and monetary compensation for damage to his tow truck.

Plaintiff's claims are premised on his custody and visitation case in the Circuit Court for Prince George's County and allegations that Defendant damaged his tow truck. The Court must examine whether federal jurisdiction permits adjudication of these claims. Under the "well-pleaded complaint" rule, the facts showing the existence of subject matter jurisdiction "must be affirmatively alleged in the complaint." *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (citing *McNutt v. Gen'l Motors Acceptance Corp., 298 U.S. 178 (1936)). "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). Moreover, the "burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." *Robb Evans &*

*Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); *accord Hertz v. Friend*, 559 U.S. 77, 96 (2010); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010).

To provide a federal forum for plaintiffs who seek to vindicate federal rights, Congress has conferred on the district courts original jurisdiction over civil actions that arise under the Constitution, laws, or treaties of the United States.  28 U.S.C. § 1331; *Exxon Mobil Corp. v. Allapattah Services, Inc.,* 545 U.S. 546, 552 (2005).  This is federal question jurisdiction.  Further, under 28 U.S.C. § 1367(a), district courts are granted "supplemental jurisdiction over all other claims that are so related to claims in the action within [the courts'] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Section 1367 does not create an independent cause of action.  Rather, § 1367 allows a court to exercise supplemental jurisdiction over state law claims, but only where the Complaint also pleads related federal claims.

Plaintiff is seeking custody which is a matter that has been litigated in the Maryland State Circuit Court.  Matters of family law have traditionally been reserved to the state or municipal court systems with their expertise and professional support staff.  *See Moore v. Sims*, 442 U.S. 415, 435 (1979).  Under the domestic relations exception to federal jurisdiction, federal courts do not have the power to intervene with regard to child custody or visitation decrees.  *Ankenbrandt v. Richards*, 504 U.S. 689, 703-05 (1992).  Plaintiff's child custody and visitation allegations simply do not confer federal jurisdiction.

Similarly, Plaintiff's allegations that Defendant damaged his tow truck do not raise federal claims and do not confer federal jurisdiction.

Neither has Plaintiff established diversity jurisdiction.  The Complaint alleges that both Plaintiff and Defendant are citizens of Maryland.  When a party seeks to invoke diversity

jurisdiction under § 1332, he bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete. *See Advani Enters., Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998). The requirement of complete diversity of citizenship mandates that each plaintiff meet the diversity requirements as to each defendant. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989). Pursuant to 28 U.S.C. § 1332, diversity jurisdiction exists when the parties are of diverse citizenship and the amount in controversy exceeds $75,000. *See Stouffer Corp. v. Breckenridge,* 859 F.2d 75, 76 (8th Cir. 1988); *McDonald v. Patton*, 240 F.2d 424, 425-26 (4th Cir. 1957). The complaint does not establish that this court has diversity jurisdiction.

Without a jurisdictional basis for suit in federal court, Plaintiff's claims are factually and legally without merit. Such lawsuits are subject to dismissal pursuant to the Court's inherent authority, even where, as here, Plaintiff has paid the filing fee. *Smith v. Kagan*, 616 F.App'x 90 (4th Cir. 2015); *see Chong Su Yi v. Soc. Sec. Admin.*, 554 F.App'x 247, 248 (4th Cir. 2014) (subject matter jurisdiction over obviously frivolous complaint is subject to dismissal); *Ross v. Baron*, 493 F.App'x 405, 406 (4th Cir. 2012) (same). The federal rules required dismissal anytime there is a determination there is no jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Dismissal is appropriate here, given the lack of federal subject-matter jurisdiction.

Accordingly, the Complaint will be dismissed by separate Order which follows.

Dated this 29th day of August, 2020

                                                         ____/s/_____
                                                         GEORGE J. HAZEL
                                                         United States District Judge